```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel.** )<br>**EMILIO GORGA,** )<br>            )<br>     Petitioner,   )<br>            )<br>     v.         )<br>            )<br>**JODY HATHAWAY,**   )<br>            )<br>     Respondent.  )<br>            ) | No. 10 cv 4208 |

## ORDER

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I agree with the government's interpretation that petitioner raises five grounds for relief, although he lists only three in his petition. (The remaining two grounds emerge from the text of petitioner's argument.) The first three claims are: 1) that the trial court erred in relying on the translations of an ineffective translator; 2) that the trial court erred in allowing the same interpreter to interpret for both petitioner and the state; and 3) that "even th[]ough Mr. Gorga and his attorney did not object to the interpreter or the interpretations during the trial proceedings, the courts should allow this issue on appeal [because] Mr. Gorga was deprived of his constitutional rights and the plain error rule applies." Petitioner's additional claims are: 4) that the trial court denied petitioner his right to self-representation; and 5) that petitioner's counsel was ineffective

for failing to object to the ineffective interpreter. For the following reasons, none of these claims entitles petitioner to relief.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), I may grant petitioner's petition only if the state courts' adjudication of his claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented." *Griffin v. Pierce*, ---F.3d---, 2010 WL 3655899 at *8 (7th Cir. Sept. 22, 2010) (citing 28 U.S.C. § 2254(d)). Errors of state law are not grounds for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law").

AEDPA's exhaustion requirement generally constrains my review of the merits of habeas claims to those claims that have been fairly presented throughout one complete round of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). That is, I may not rule favorably to petitioner on the merits of any claim that has not been exhausted in the state courts, although I may reject a non-exhausted claim on its merits. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citing 28 U.S.C. § 2254(b)(2)). The related procedural default doctrine precludes my review of the merits of any claim that was either 1)

2

rejected by the state courts based on adequate and independent state-law procedural grounds, or 2) not presented to state courts, and those courts would now hold the claim to be procedurally barred. *Id*. (citing *Coleman v. Thompson*, 501 U.S. 722, 735 & n. 1 (1991); *Harris v. Reed*, 489 U.S. 255, 263 & n. 9 (1989); and *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004)).

In view of the foregoing principles, I conclude that claims one, two, three, and five are outside the scope of my authority to grant habeas relief, either because they have not been exhausted in state court; because they have been procedurally defaulted; because they assert errors of state, not federal law; or for more than one of these reasons.

Petitioner raised claims one and two in his intermediate state appeal, but he did not raise them in his petition for leave to appeal ("PLA") to the state supreme court, which he must do to satisfy the exhaustion requirement. *Id*. at 838. Moreover, even assuming petitioner's time to assert these claims in a state post-conviction petition has not lapsed, he is barred from pursuing the claims in post-conviction proceedings by Illinois' rule that claims litigated in direct appeals cannot be re-litigated in post-conviction appeals. *People v. Beaman*, 890 N.E. 2d 500, 509 (Ill. 2008) (issues decided on direct appeal are barred by *res judicata*; issues that could have been raised but were not are forfeited in collateral proceedings). Accordingly, these claims are

3

procedurally defaulted on federal habeas review. *Perruquet*, 390 F.3d at 514. In addition, on direct appeal petitioner framed claims one and two as violations of state, not federal law. For this reason, too, they are not subject to challenge on federal habeas review. *See Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001) (to satisfy requirement of "fair presentment" of constitutional claim in state proceedings, petitioner must have presented "both the operative facts and the legal principles that control each claim to the state judiciary.") (Citation and internal quotation omitted).

Claim three is somewhat hard to parse, and it is not entirely clear that it articulates an independent basis for relief, as opposed to petitioner's theory about why he is entitled to relief on claims one and two. In any event, I read the text of the claim to assert that the Illinois Appellate Court erred in its application of the plain error rule when it declined to overlook petitioner's forfeiture of his claims relating to his translator. Even assuming that this claim now asserts a violation of constitutional law (and this is a considerable stretch, since petitioner states only that he "was deprived of his constitutional rights," and "vague or cursory references" to constitutional principles generally do not articulate viable constitutional claims, *see Verdin v. O'Leary* 972 F.2d 1467, 1475 (7th Cir. 1992)), petitioner failed, in his PLA, to challenge the intermediate

4

court's application of the plain error rule at all, much less assert that the appellate court's application of the rule resulted in the deprivation of any constitutional right. For at least these reasons, petitioner is not entitled to habeas relief on claim three.

Claim five asserts ineffective assistance of counsel, a cognizable constitutional claim. But this claim, too, falters both procedurally and substantively. Procedurally, the claim is probably defaulted because petitioner did not raise it at any point in his state appeals and would likely be barred from doing so now in post-conviction proceedings. *See People v. Erickson*, 641 NE 2d 455, 458-59 (Ill. App. Ct. 1994) (explaining that ineffective assistance of counsel claims based on what the record discloses are "subject to the usual procedural default rule," i.e., barred if not brought on direct appeal). But even if the claim is merely non-exhausted (in which case I must deny relief, but petitioner could return to the state courts to pursue further state remedies), it fails on the merits.

In its analysis of the allegedly defective translation provided by petitioner's translator, the Illinois Appellate Court concluded that "nothing in the record establishes that [the translation] was inaccurate," and that an "isolated unresponsive answer" upon which petitioner relied "hardly evinces ineffective translation." These conclusions are presumed correct on federal

habeas review, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003), and indeed petitioner essentially concedes in his reply that speculation is required to conclude that the interpreter was ineffective. But petitioner must come forth with clear and convincing evidence--not mere speculation--to overcome the presumption that the state courts' factual findings are correct. *Id*. The Illinois Appellate Court's conclusion that the translator was not ineffective eviscerates the essential premise of petitioner's ineffective assistance of counsel claim: if the translation itself was not defective, petitioner's counsel cannot have been ineffective for failing to object to it, nor could petitioner have been prejudiced by such failure. *See Strickland v. Washington*, 466 U.S. 668, 692 (1984)(successful ineffective assistance of counsel claim requires proof of both deficient performance and prejudice).

This leaves only claim four, in which petitioner asserts that he was denied the right to self-representation when the trial court refused to allow him to proceed *pro se*. Claims involving the right to self-representation are governed by *Faretta v. California*, 422 U.S. 806 (1975). The Seventh Circuit has held that while under *Faretta* a defendant "has the constitutional right to conduct his own defense," the request to proceed *pro se* must be "made in a timely fashion." *U.S. v. Oakey*, 853 F.2d 551, 553 (7th Cir. 1988). In *Oakey*, the court held that the trial court was within its

discretion to deny a defendant's request to proceed *pro se* on the ground that the request was made "prior to the fourth day of trial, [and] was obviously not timely."  *Id.*  In this case, petitioner requested to proceed *pro se* only after the conclusion of his trial and the rendition of a guilty verdict.  Because the Illinois Appellate Court correctly identified and applied *Faretta* in evaluating petitioner's claim, I am without authority to second guess its determination that the trial court did not abuse its discretion.

For the foregoing reasons, petitioner's petition is denied.


**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge


Dated:   November 12, 2010

7